UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**KEVIN BOYLE,** as Trustee
and as President of the United
Public Service Employees
Benefit Fund and Union (as the
Collective Bargaining
Representative of the Western
Regional Off Track Betting
Supervisory Bargaining Units)
**et al.,**

                                              5:15-cv-517
           **Plaintiffs,**        (GLS/DEP)

            v.

**SEIU LOCAL 200 UNITED
BENEFIT FUND et al.,**

           **Defendants.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFFS:** | |
| Rothman, Rocco Law Firm<br>3 West Main Street<br>Suite 200<br>Elmsford, NY 10525 | MATTHEW P. ROCCO, ESQ. |
| Office of Richard M. Greenspan<br>220 Heatherdell Road<br>Ardsley, NY 10502 | RICHARD M. GREENSPAN,<br>ESQ. |
| **FOR THE DEFENDANTS:** | |
| Blitman, King Law Firm<br>Franklin Center<br>443 North Franklin Street | BRIAN J. LACLAIR, ESQ.<br>MICHAEL R. DAUM, ESQ. |

Suite 300
Syracuse, NY 13204-1415

One Penn Plaza, Suite 2601      JONATHAN M. CERRITO, ESQ.
New York, NY 10119-2699

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

    Plaintiff Kevin Boyle, as Trustee and President of the United Public Service Employees Benefit Fund and Union (as the Collective Bargaining representative of the Western Regional Off Track Betting Supervisory Bargaining Units) ("UPSEU" and "UPSE"), as well as plaintiffs Joyce Melfi and Donald Herland, on behalf of themselves and all other members of the Western Regional Off Track Betting Supervisory Bargaining Units, filed this suit against defendants SEIU Local 200 United Benefit Fund and its trustees (collectively, "Local 200") in New York State Supreme Court, Onondaga County.  On April 28, 2015, defendants removed the action to this court pursuant to 28 U.S.C. §§ 1441 and 1446, invoking the court's federal question jurisdiction.  Presently before the court are plaintiffs' motion seeking remand, (Dkt. No. 10), and Local 200's cross motion for

2

judgment on the pleadings, (Dkt. No. 15).  For the reasons that follow, the court denies plaintiffs' motion and grants Local 200's cross motion.

## II. Background[1]

Melfi and Herland are employees of Western Regional Off Track Betting (OTB) Corporation and members of the Western Regional OTB Supervisory Units.  (Compl. ¶ 15, Dkt. No. 1, Attach. 1.)  Before February 2014, Local 200 represented plaintiffs as its labor union and jointly administered a benefit fund, the Local 200 fund, for which it maintained health reimbursement accounts (HRAs) that provided Melfi and Herland and other employees with payment for medical expenses in retirement. (*Id.* ¶¶ 3-6, 15-16.)  The Local 200 fund was established by an Agreement and Declaration of Trust, also referred to as the Trust Agreement.  (*Id.* ¶¶ 16, 19.)  A description of the Local 200 fund benefits was found in a summary plan description (SPD), which is a synopsis of Local 200's employee benefit plan.  (Dkt. No. 10, Attach. 8.)

On February 28, 2014, union members of the Western Regional OTB Supervisory Units voted in an election conducted by the New York State

---

[1] The facts are drawn from the complaint and presented in the light most favorable to plaintiffs.

Public Employment Relations Board to disaffiliate from Local 200. (*Id.* ¶¶ 6, 22.) Members, instead, designated the United Public Service Employees Union as their representative. (*Id.* ¶¶ 6, 23; Dkt. No. 10, Attach. 6.) Thereafter, Local 200 removed the members from the Local 200 benefit fund and informed them that they forfeited their individual HRAs to the fund according to the terms of the employee benefit plan. (Compl. ¶ 7; Dkt. No. 10, Attach. 8 at 4.) Melfi and Herland requested that Local 200 return their monies from the HRAs, but Local 200 refused and retained all of the contributions. (Compl. ¶ 8.) As a result, Melfi and Herland no longer have access to the HRAs in the Local 200 fund, which hold contributions to be used for their medical expenses in their retirement. (*Id.* ¶ 9.) Melfi and Herland requested a partition of the reserves from the fund and a transfer of those contributions to their benefit fund with UPSE. (*Id.* ¶ 10.)

On April 1, 2015, plaintiffs Melfi, Herland, and UPSE, the new union for Western Regional OTB Supervisory Bargaining Units, filed an action in New York State Supreme Court in Onondaga County alleging unjust enrichment, wrongful withholding of contractual benefits, conversion, and breach of fiduciary duty and sought an equitable division, an accounting,

and damages. (*See generally* Compl.) Local 200 removed the action to this court under federal question jurisdiction on the grounds of preemption by the Employee Retirement Income Security Act (ERISA).[2] (Dkt. No. 1.) Now pending before the court are plaintiffs' motion to remand the action to state court, (Dkt. No. 10), and Local 200's motion for judgment on the pleadings, (Dkt. No. 15).

### III. Standard of Review

**A.    Remand**

With respect to cases removed to federal court from state court, 28 U.S.C. § 1447(c) provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006) (citation omitted). Accordingly, "[o]n a motion to remand, the party seeking to sustain the removal, not the party seeking remand, bears the burden of demonstrating that removal was proper." *Wilds v. UPS, Inc.*, 262 F. Supp. 2d 163, 171 (S.D.N.Y. 2003) (internal quotation marks and citation omitted). "Unless that burden is met,

---

   [2]  *See* 29 U.S.C. §§ 1001-1461.

the case must be remanded back to state court." *Id.* (internal quotation marks and citation omitted).

## B.     Judgment on the Pleadings

"The standard for addressing a Rule 12(c) motion for judgment on the pleadings is the same as that for a Rule 12(b)(6) motion to dismiss for failure to state a claim." *Wright v. Monroe Cmty. Hosp.*, 493 F. App'x 233, 234 (2d Cir. 2012) (internal quotation marks and citation omitted). For a full discussion of the governing standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010), *abrogated on other grounds by J.C. Christensen & Assocs., Inc.*, 786 F.3d 191 (2d Cir. 2015).

## V. Discussion

## A.     Motion for Remand

Plaintiffs argue that remand is necessary because Local 200 failed to demonstrate federal question jurisdiction. (Dkt. No. 10, Attach. 1 at 8-18.) Plaintiffs assert that Local 200 cannot meet the test to demonstrate that ERISA preempts their state law claims under 29 U.S.C. § 1132(a)(1)(B). (*Id.*, citing *Aetna Health Inc. v. Davila*, 542 U.S. 200 (2004).) First, plaintiffs contend that they are not the type of parties who have standing to

6

sue under ERISA.  (*Id.* at 12-14.)  Second, plaintiffs maintain that their claims are not colorable claims for benefits under the statute.  (*Id.* at 14-15.)  Finally, plaintiffs argue that Local 200's legal duty is predicated on state law, which is independent of ERISA.  (*Id.* at 15-18.)

Local 200 counters that plaintiffs' state law claims are completely preempted by ERISA because they "attempt[] to duplicate or supplant an ERISA breach of fiduciary duty claim."  (Dkt. No. 15, Attach. 1 at 21.)

As mentioned above, the party seeking removal bears the burden of proof to establish federal jurisdiction.  *See Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011).  Because of ERISA's comprehensive legislative scheme, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."  *Davila*, 542 U.S. at 209.  Accordingly, "ERISA provides that it 'shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan.'"  *Gerosa v. Savasta & Co., Inc.*, 329 F.3d 317, 323 (2d Cir. 2003) (quoting 29 U.S.C. § 1144(a)).  "Although a plain reading of this statute lends itself to an extremely broad interpretation, the Supreme Court has

7

greatly narrowed the scope" of ERISA to only apply to state law claims that have a "'connection with'" or a "'reference to'" an employee benefit plan. *Hattem v. Schwarzenegger*, 449 F.3d 423, 428 (2d Cir. 2006) (quoting *N.Y.S. Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656 (1995)).  As such, "state laws that would tend to control or supersede central ERISA functions-such as state laws affecting the determination of eligibility for benefits, amounts of benefits, or means of securing unpaid benefits-have typically been found to be preempted." *Gerosa*, 329 F.3d at 324 (citations omitted).  Claims rooted in either state statutes or state common law theories "may . . . be expressly preempted if they relate to an employee benefit plan."  *Star Multi Care Servs., Inc. v. Empire Blue Cross Blue Shield*, 6 F. Supp. 3d 275, 291 (E.D.N.Y. 2014) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987)).

In their motion for remand, plaintiffs point to *Davila* to rebut that jurisdiction under 29 U.S.C. § 1132(a)(1)(B) is established in this case. (Dkt. No. 10, Attach. 1 at 9-18.)  However, actions brought under this statutory section typically seek relief from a denial of benefits under an employee benefit plan.  *See, e.g.*, *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011); *Baackes v. Kaiser Found. Health Plan,*

*Inc.*, 990 F. Supp. 2d 228 (N.D.N.Y. 2014).  Here, in contrast, plaintiffs ask the court to direct Local 200 to transfer funds that were contributed on plaintiffs' behalf to individual HRAs to the fund of plaintiffs' new union, UPSE.  (*See generally* Compl.)  Plaintiffs contend that Local 200 improperly retained these funds.  (*Id.*)  Accordingly, plaintiffs' suit is not a claim to recover denied benefits but rather a challenge to Local 200's administration of plan assets.  And thus, although plaintiffs characterize their claims under several state common law theories[3] through artful pleading, the gravamen of their complaint alleges that Local 200 breached its fiduciary duty.  As such, the applicable ERISA statutory section from which plaintiffs seek relief is 29 U.S.C. § 1132(a)(2) and not § 1132(a)(1)(B).  *See Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 53 (1987) (noting "[a] participant or beneficiary may also bring a cause of action for breach of fiduciary duty" under 29 U.S.C. § 1132(a)(2)); *see also Cummings v. Teachers Ins. & Annuity Ass'n of Am.-Coll. Ret. & Equities Fund*, No. 1:12-CV-93, 2015 WL 1137769, at *4 (D. Vt. Mar. 13, 2015).

Plaintiffs complaint is completely preempted under 29 U.S.C. § 1144

---

[3]  Plaintiffs allege claims of unjust enrichment, wrongful withholding of contractual benefits, conversion, and breach of fiduciary duty and sought an equitable division, an accounting, and damages.  (*See generally* Compl.)

9

because they seek relief under state common law theories that have connection with or reference to the SPD, a synopsis of Local 200's employee benefit plan. *See Travelers Ins. Co.*, 514 U.S. at 656. Plaintiffs complain that Local 200 improperly retained funds intended for them. (*See generally* Compl.) Plaintiffs ask the court to direct Local 200 to transfer these funds into the UPSE fund. (*Id.* ¶ 36.) The terms of plaintiffs' individual HRAs are explained in the SPD and found in the employee benefit plan, and it is apparent that such plan is governed by ERISA. (Dkt. No. 10, Attach. 8 at 4-5.) Because plaintiffs allege Local 200 improperly administered HRA assets — a central ERISA function connected with an employee benefit plan governed by ERISA — their claims are preempted. *See Hattem*, 449 F.3d at 428; *Gerosa*, 329 F.3d at 324; *Star Multi Care*, 6 F. Supp. 3d at 291. Consequently, plaintiffs' motion for remand is denied.

**B.   <u>Judgment on the Pleadings</u>**

Local 200 argues that it is entitled to judgment on the pleadings because plaintiffs "do not seek remedies on behalf of [the benefit plan] or for the restoration of losses to the [benefit plan], which is required [by 29 U.S.C. §§ 1109(a), 1132(a)]." (Dkt. No. 15, Attach. 1 at 27.) Moreover, Local 200 contends that plaintiffs UPSEU and UPSE lack standing

10

because they are not enumerated parties under ERISA.  (*Id.*)  Plaintiffs respond arguing again that their claims are not preempted because they are not seeking benefits under the employee benefit plan and their claims do not have a connection to the employee benefit plan.  (Dkt. No. 19 at 8-13.)  Additionally, plaintiffs assert that UPSEU and UPSE have standing because it represents the OTB supervisors and labor unions may sue to enforce provisions of their members' collective bargaining agreements.  (*Id.* at 7-8.)

Under 29 U.S.C. § 1132(a)(2), only the Secretary of Labor, or "a participant, beneficiary or fiduciary" may commence a civil action for breach of fiduciary duty.  29 U.S.C. § 1132(a)(2); *see Long Island Head Start Child Dev. Servs., Inc. v. Econ. Opportunity Comm'n of Nassau Cty., Inc.*, 710 F.3d 57, 63 (2d Cir. 2013); *see also Connecticut v. Physicians Health Servs. of Connecticut, Inc.*, 287 F.3d 110, 121 (2d Cir. 2002).  "'[T]he term participant is naturally read to mean either employees in, or reasonably expected to be in, currently covered employment, or former employees . . . who have a colorable claim to vested benefits.'"  *Long Island Head Start*, 710 F.3d at 65 (quoting *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 117 (1989)).  Such actions "may not be made for

11

individual relief, but instead are brought in a representative capacity on behalf of the plan." *Id.* (internal quotation marks and citations omitted).

The court agrees with Local 200 that plaintiffs only seek individual relief to transfer plan assets to their current union fund and do not seek a remedy on behalf of Local 200 fund. Therefore, plaintiffs cannot recover under 29 U.S.C. §§ 1109, 1132(a)(2). *See Long Island Head Start*, 710 F.3d at 65. Furthermore, as Local 200 correctly points out, neither plaintiff UPSEU nor UPSE, as labor unions, have standing to sue for ERISA relief. *See Physicians Health*, 287 F.3d at 121 (collecting cases for the proposition that only statutorily enumerated parties have standing in ERISA cases). Plaintiffs' argument to the contrary is misguided. *See id.*; *see also Toussaint v. JJ Weiser & Co.*, No. 04 Civ. 2592, 2005 WL 356834, at *6 (S.D.N.Y. Feb. 13, 2005) (holding a union was "not a participant as defined by ERISA, because it is not an employee, former employee, member, or former member of an employee organization with eligibility to receive benefits"). Consequently, because plaintiffs do not have a cognizable cause of action, the court grants Local 200's cross motion for judgment on the pleadings.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that plaintiffs' motion for remand (Dkt. No. 10) is **DENIED**; and it is further

**ORDERED** that Local 200's cross motion for judgment on the pleadings (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 12, 2016
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge